UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RONNY DEVIOD WALKER**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 3:11CV-P349-H**

**JEFFERSON CIRCUIT COURT et al.**  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Ronny Deviod Walker, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues the Jefferson Circuit Court; Judge Frederic J. Cowan; Eleanore Garber, Judge in Family Court Five; Daniel T. Goyette; Ed Monahan, Department of Public Advocacy; Commonwealth Attorney R. David Stengel; and attorney Bethanni E. Forbush-Moss. As relief, Plaintiff wants monetary damages in the amount of one million dollars and injunctive relief. The allegations of the complaint center on alleged errors made by Judge Cowan apparently about the competency of some minor witnesses to testify in a homicide trial. The allegations in the complaint make no mention of any of the named Defendants except Judge Cowan. Plaintiff does attach as an exhibit a copy of a state-court opinion and order on a motion to exclude a videotaped interview which is signed by Chief Public Defender, Daniel T. Goyette, and a copy of a newspaper

---

[1] The complaint also was signed by and listed as Plaintiffs Larry Morria and Robert Edmonds. However, they did not submit applications to proceed without prepayment of the filing fee and did not comply with the Order of the Court to do so. Consequently, their claims have been dismissed and they are no longer Plaintiffs in this action. *See* DN 10.

article discussing bar poll results for various judges including Judge Cowan and Judge Garber. He also attaches a letter from Attorney Bethanni E. Forbush-Moss, from which it appears that she represented Plaintiff in either a Child Protective Service case, a criminal case, or both.

Plaintiff also filed another complaint which appears to be nearly identical to the original complaint, and in fact is dated the same date as the original complaint (DN 12). This document does have some additional attachments: a document from the Jefferson County Circuit Court and a letter from the Kentucky Innocence Project. As such, the Court will interpret this document as a motion to amend the complaint (DN 12), which is **GRANTED**. *See* Fed. R. Civ. P. 15(a).

## II. ANALYSIS

### *Claims against Judge Cowan*

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not indicate in which capacity he sues Defendant Cowan. Because Plaintiff references Defendant Cowan in the context of his official position, the claim will be construed as

2

brought against Defendant Cowan in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied). Because he sues Defendant Cowan in his official capacity, the claims brought against him are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from this state officer in his official capacity, he failed to allege cognizable claims under § 1983. Moreover, Defendant is immune from monetary damages under the Eleventh Amendment. *See id.*

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Therefore, all of Plaintiff's claims against Judge Cowan will be dismissed by separate order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*Claims against other Defendants*

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against any of the other Defendants.  Plaintiff fails to place any of the other Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory against these Defendants.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4412.009

4